[Civ. No. 28758. Second Dist., Div. Four. Oct. 4, 1966.]

MINNIE V. LUKSICH, Plantiff and Appellant, v. KAISER STEEL CORPORATION, Defendant and Respondent.

William R. Walsh for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, James W. Baldwin and John G. Flett for Defendant and Respondent.

JEFFERSON, J.— The sole question to be decided in this appeal is whether, under the uncontroverted facts presented in affidavits filed in support of defendant's motion for summary judgment which the trial court granted, section 10214 of the Insurance Code requires defendant to apply the group life insurance premium refunds it has received for the benefit of plaintiff and the other insured employees of defendant, or may defendant retain such refunds? We have concluded that the trial court correctly resolved the question in defendant's favor.

The pleadings and the affidavits submitted in support of and in opposition to the motion for summary judgment present

these undisputed facts: Plaintiff is an employee of defendant, Kaiser Steel Corporation, at defendant's Fontana plant. She brought this action—a class action—seeking to recover for herself and other hourly-rated employees of defendant Kaiser, group life insurance premium refunds paid by certain insurance companies to defendant, as policy holder, under group insurance policies covering plaintiff and her fellow employees. The premium refunds represent an excess of premium payments or overcharge of premiums paid, which were returned at the end of the year. Over the years in question—1955 through 1962—plaintiff and her fellow employees, and defendant, each made contributions to the payment of these premiums. In addition, defendant paid certain administrative costs. However, defendant's contributions at the Fontana plant alone, even without considering the administrative charges paid by defendant, far exceeded the total premium refunds received by defendant for its entire operation.

The parties agree that the question of whether defendant is entitled to retain the premium refunds is to be decided on the basis of the proper construction of the provisions of section 10214 of the Insurance Code. The latter code section, enacted in 1953, has not been referred to in any reported case in California (nor have we been referred to any case construing a similar statute in another state).

Insurance Code section 10214 reads as follows: ''If hereafter any dividend is paid or any premium refunded under any policy of group life insurance heretofore or hereafter issued, the excess, if any, of the aggregate dividends or premium refunds under such policy over the aggregate expenditures for insurance under such policy made from funds contributed by the policyholder, or by an employer of insured persons or by union or association to which such insured persons belong, including expenditures made in connection with the administration of such policy, shall be applied by the policyholder for the benefit of such insured employees generally or their dependents or insured members generally or their dependents. For the purpose of this section and at the option of the policyholder, 'policy' may include all group life and disability insurance policies of the policyholder.''

In a nutshell, defendant maintains that the language of section 10214 allows but one possible interpretation, namely, that an employer is entitled to retain premium refunds to the extent of its contributions to the costs of the policy, including

the costs of administration; that since it is undisputed that the amount refunded did not equal defendant's contributions, the trial court correctly granted its motion for summary judgment.

The "argument" portion of plaintiff's brief relating to her interpretation of section 10214, consists in the statement, "it is apparent that the 'aggregate expenditure for insurance' by Kaiser (defendant) was the net premiums retained by the insurance carrier and that the experience rating refunds (premium refunds) received from those insurance carriers represented monies that should have been applied by Kaiser for the benefit of the insured employees." Plaintiff apparently argues for the interpretation that there was an "excess" in the premiums returned which should be applied for the benefit of plaintiff and her fellow employees, because the "aggregate expenditures for insurance" referred to in the statute, equals the premiums paid less the amount returned; that the premiums returned are "excess" because they are "left over." In taking this position, plaintiff, in effect, maintains that any and all refunds must be applied for the benefit of the employees regardless of whether the refund is in excess of the employer's contributions to the cost of the policy.

Plaintiff's interpretation is contrary to the plain wording of the statute. We believe defendant's interpretation is the correct one. Section 10214 expressly states "the excess, if any, of the . . . premium refunds under such policy over the aggregate expenditures for insurance under such policy . . . including expenditures made in connection with the administration of such policy," must be applied by the employer for the benefit of the employees. The use of the words "excess, if any," obviously contemplates situations where, as here, there would not be any excess to apply.

Since the premium refunds received by defendant were indisputably less than its contributions, the statute relied on by plaintiff affords her no rights thereto. Other than plaintiff's erroneous construction of the statute, no basis is suggested as a ground for recovery. The summary judgment was proper.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.